GILBRIDE, TUSA, LAST & SPELLANE, LLC
Todd. S. Sharinn
31 Brookside Drive
Greenwich, CT 06830
Telephone: (203) 542-8418
Facsimile:  (203) 542-8438
todd@gtlslaw.com

*Attorneys for Plaintiff*
*THIS, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------x

THIS, L.L.C.,                    :        Civil Action No.:
                                 :
                                 :
                    Plaintiff,   :        **COMPLAINT**
                                 :        **JURY TRIAL DEMANDED**
          v.                     :
                                 :
S'MORES R US, L.L.C.,            :
                                 :
                    Defendants.  :
                                 :
-----------------------------------------------------x

  Plaintiff THIS, LLC ("TLLC") by and through its attorney, hereby alleges as and for

its complaint ("Complaint") against Smores R US, LLC d/b/a Smores 2 Go ("Defendant"), as

follows:

### NATURE AND BASIS OF ACTION

  1.  This is an action for federal trademark counterfeiting, trademark infringement,

trade dress infringement, unfair competition, false designation of origin, false advertising, and

federal trademark dilution under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq*., as

amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 and the Anti-

Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-154 (July 2, 1996), patent

infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq.;* copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.;* unfair competition under Connecticut common law; unfair trade practices pursuant to C.G.S.A. §§ 42-110b *et seq.;* and common law unjust enrichment and conversion.

    2.      TLLC seeks to enforce its rights, through an Order permanently enjoining Defendant's unlawful acts, and awarding TLLC damages adequate to compensate TLLC for Defendant's infringement of the TLLCIP (as hereinafter defined). Unless Defendant's acts of trademark counterfeiting, infringement, dilution, unfair competition and patent and copyright infringement are enjoined, Defendant will continue its unlawful conduct and induce others to engage in unlawful conduct. As a result, TLLC will suffer, in addition to damages and lost profits, irreparable harm for which there is no adequate remedy at law.

## JURISDICTION AND VENUE

    3.      This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.

    4.      This Court has jurisdiction pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367 over TLLC's claims under the laws of the State of Connecticut in that such claims arise out of the same nucleus of operative facts as the substantial federal law claims to which they are joined.

    5.      This Court has personal jurisdiction over Defendant in that they regularly conduct and transact substantial and ongoing business in the State of Connecticut.

    6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) in that the Defendants are entities subject to personal jurisdiction in this Judicial District.

## THE PARTIES

7.      Plaintiff, TLLC is a limited liability company duly organized and existing under the laws of the State of Connecticut, having a principal place of business at 19 Timber Ridge Road, Madison, Connecticut 06443.

8.      Defendant, SMORES R US, LLC, d/b/a SMORES 2 GO, is a limited liability company organized and existing under the laws of the State of Florida, and having a place of business located at 401 Rosery Road NE, Apt. 855, Largo, Florida 33770. Upon information and belief, Defendant is present in or regularly conducts and transacts substantial and ongoing business in the State of Connecticut and in this Judicial District.   In addition, Defendant regularly transacts and conducts business over the Internet through at least one website located on the World Wide Web at the URL <smores2go.com> (the "Defendant Website"), in the State of Connecticut and this Judicial District.

## BACKGROUND FACTS

## TLLC'S BUSINESS

9.      For nearly seventeen years (17) and since long prior to the acts of Defendant alleged herein, TLLC has been and is now engaged in manufacturing, distributing, offering for sale and selling unique novelty items, which, among other things, include household utensils, including wooden cooking skewers for roasting food products (*e.g.,* marshmallows or hot dogs) over an open fire or in a fire place (the "TLLC Products") in interstate, intrastate and international commerce under and in connection with its SMORSTIX® trademark.

10.     The TLLC Products have been marketed, offered for sale and sold under and in connection with TLLC's well-known SMORSTIX® trademark (**Exhibit A**) for nearly seventeen (17) years both alone or as a part of kits, which have been marketed, offered for sale and sold under

3

and in connection with TLLC's SMORPAK® trademark for nearly thirteen (13) years.

11.     Moreover, TLLC has and continues to manufacture, distribute, market, offer for sale and sell unique double serving kits under and in connection with TLLC's well-known SMORBOX® trademark for nearly six (6) years. **Exhibit B**.

12.     TLLC has and continues to distribute, market, offer for sale and sell the TLLC Products throughout the United States and around the world through traditional brick and mortar channels of trade and over the Internet through TLLC's operation and maintenance of a website (the "TLLC Web-Site") located on the World Wide Web at the URL <www.smorstix.com> (**Exhibit C**), as well as through authorized third party merchant websites and online stores. **Exhibit D**.

13.     The genuine TLLC Products have been and continue to be sold in many countries around the world and are readily available and sold at, among other places, Kampgrounds Of America, campsites and campground stores, supermarkets, drug stores, convenience markets, hardware stores, home goods stores, party supply stores, RV supply stores, pool supply stores, candy stores, corn mazes, hotel chains, inns, ski resorts, and at prestigious universities and colleges including, but not limited to Hyatt Hotels, Ritz Carlton Hotels, A&P Supermarkets, Stop & Shop Supermarkets, Whole Foods, Rocky Mountain Chocolate Factory, Grand Lodge Crested Butte, Wegman's, Rite Aid, CVS, Amazon, Bucknell University, Cornell University and George Washington University, among others, regularly offer for sale and sell the TLLC Products.

14.     TLLC created the TLLC Products as a clean, safe and natural alternative to locating sticks available in the wild.  The TLLC Products were conceived of and created by TLLC in an effort to ensure that its customers, particularly families and campers, enjoy the outdoors in a safe, easy and ecologically friendly way.  In fact, TLLC specifically explains on the TLLC Web-Site

that "very often, sticks are scarce, dirty, too short, in a patch of poison ivy, or in a thorny briar patch. Campers often trample underbrush and damage trees and forests in their search." *See, e.g.,* **Exhibit C**.

15.     Throughout TLLC's history and since long prior to the act of Defendant complained of herein, TLLC created unique and original packaging and labeling, which in the case of TLLC's genuine SMORSTIX® product has been packaged by TLLC, without interruption, in a clear elongated bag containing four (4) 30" wooden skewers with a heavy stock paper fold over label attached at the top of the bag and securing the skewers within (the "SMORSTIX® Packaging"). Additionally, TLLC's genuine SMORBOX® product has been packaged by TLLC, also without interruption since 2011, in a rectangular box featuring a clear cutout prominently displaying the packages contents (the "SMORBOX® Packaging", collectively with SMORSTIX® Packaging as the "TLLC Packaging"). The TLLC Packaging is child friendly, and allows parents to see exactly what they are buying. **Exhibit E**.

16.     TLLC incorporates in each of its Products and Packaging the same original and distinct design elements and other trade features, which continue to be closely associated with TLLC in the eyes of the public and customers for nearly seventeen (17) years. TLLC has used its original, ornamental, fanciful and unique graphics, logos, artwork, designs and product configurations (the "TLLC Trade Dress") on and in connection with TLLC's manufacture, distribution, marketing, offering for sale and sale of *all* genuine TLLC Products, which in the case of TLLC's genuine SMORSTIX® product includes bright and warm tones, features toasted marshmallows on sticks and, elicits the feeling of a warm and cozy campfire, and of a fun night with the family. Specifically, all genuine SMORSTIX® products prominently feature the same cartoon like toasted marshmallow on a stick running parallel with TLLC's well-known registered

SMORSTIX® trademark along with a second cartoon like toasted marshmallow as they have for TLLC's entire history. **Exhibits A** and **E**.

17.     Moreover, TLLC's genuine SMORBOX® product not only includes the bright and warm tones like the genuine SMORSTIX® product, but specifically, all genuine SMORBOX® products prominently feature distinct, ornamental and original cartoon like s'mores melted sandwich located on the front side of the packaging and a cutaway craft-fully placed that additionally reveals the contents of the container as an integral part of the artwork displayed thereon. **Exhibit B**.

**TLLC'S INTELLECTUAL PROPERTY**

18.     For many years and since long prior to the act of Defendant complained of herein, TLLC has been and remains the sole owner of all right, title and interest in and to multiple United States Registered Trademarks, logos, slogans and trade names, which include SMORSTIX®; SMORPAK®; THE PERFECT MARSHMALLOW ROASTING STIX®; EVERYTHING BUT THE CAMPFIRE®; SMORNAMENT®; SMORBOX®; and SMORBAR®.

19.     The TLLC Marks (as hereinafter defined) have been continuously and robustly used on and in connection with the advertising, promotion, manufacture, offer for sale and sale of the TLLC Products and in connection with related Packaging in the United States and throughout the world in interstate and intrastate commerce.

20.     TLLC is the owner in and to the following United States Trademark Registrations (the "TLLC U.S. Registrations"):

| UNITED STATES REG. NO. | MARK | REG. DATE |
|---|---|---|
| 2,453,828 | SMORSTIX | May 22, 2001 |
| 2,698,364 | SMORPAK | March 18, 2003 |
| 2,661,336 | THE PERFECT MARSHMALLOW ROASTING STIX | December 17, 2002 |

| UNITED STATES REG. NO. | MARK | REG. DATE |
|---|---|---|
| 2,899,136 | EVERYTHING BUT THE CAMPFIRE | November 2, 2004 |
| 4,203,326 | SMORNAMENT | September 4, 2012 |
| 4,032,274 | SMORBOX | September 27, 2011 |
| 4,046,041 | SMORBAR | October 25, 2011 |

Computer printouts of the United States Patent and Trademark Office ("USPTO") records for the TLLC U.S. Registrations are annexed hereto as **Exhibit F**.

21.     The TLLC U.S. Registrations are valid, incontestable, subsisting, unrevoked and uncancelled[1].  Registration of the underlying trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of TLLC's exclusive right to use the TLLC Marks in commerce on and in connection with the goods named in the TLLC U.S. Registrations, and commercially related goods. The TLLC U.S. Registrations also constitute constructive notice to Defendants of TLLC's ownership and exclusive rights in and to the TLLC Marks.

22.     The dates of first use in interstate commerce for the TLLC U.S. Registrations are:

| UNITED STATES REG. NO. | MARK | DATE OF FIRST USE IN COMMERCE |
|---|---|---|
| 2,453,828 | SMORSTIX | July 3, 1999 |
| 2,698,364 | SMORPAK | March 2002 |
| 2,661,336 | THE PERFECT MARSHMALLOW ROASTING STIX | August 17, 1999 |
| 2,899,136 | EVERYTHING BUT THE CAMPFIRE | January 2001 |
| 4,203,326 | SMORNAMENT | April 30, 2011 |
| 4,032,274 | SMORBOX | May 27, 2011 |
| 4,046,041 | SMORBAR | June 2, 2011 |

---

[1] While SMORNAMENT®, SMORBAR® and  SMORBOX® registrations are valid, subsisting, unrevoked and uncancelled, they have not been registered for the statutory period for a presumption that they are incontestable.

23.     TLLC is also the owner in and to the following International Trademark Registrations (the "TLLC Int'l Registrations" and collectively with the TLLC U.S. Registrations as the "TLLC Marks"):

| COUNTRY | MARK | REGISTRATION NUMBER |
|---------|------|---------------------|
| CANADA | SMORPAK | 722618 |
| CANADA | SMORBOX | 857306 |
| CANADA | SMORSTIX | 722597 |
| COMMUNITY TRADEMARK | SMORSTIX | 005 222 120 |
| COMMUNITY TRADEMARK | SMORPAK | 005 205 745 |
| MEXICO | SMORPAK | 973523 973520 |
| MEXICO | SMORSTIX | 973522 373521 |
| MEXICO | SMORBOX | 1193762 |

24.     Moreover, all TLLC Products and their associated Packaging contain proprietary, original and ornamentally unique works, which constitute copyrightable subject matter pursuant to 17 U.S.C. §102(a) (the "TLLC Works").

25.     The TLLC Works are directed to certain of the original graphics included on the TLLC Packaging. The unique and original works appearing on the SMORPAK® products have been  registered with the United States Copyright Office ("USCO") and designated copyright Registration Number VA-0001687117, since June 5, 2008, and is valid and subsisting.  In addition, unique and original works appearing on TLLC's SMORSTIX® and SMORBOX® products, are the subject of pending Copyright Applications Nos. 1-3137758299 and 1-3137758271 (the "TLLC Copyrights").  **Exhibit G**.

26.     TLLC is the sole owner of all right, title and interest in and to the TLLC Copyrights,

and the copyrights to the original works depicted on the TLLC Packaging, as provided by the Copyright Laws.

27. TLLC is also the owner in and to the following U.S. Letters of Patents issued by the USPTO (the "TLLC Patents"):

| Title of Invention: | Patent Number: |
|---|---|
| FOOD CONTAINER HOUSING FOOD ARTICLES | D679,950 |
| FOOD CONTAINER HOUSING FOOD ARTICLES | D678,760 |
| FOOD CONTAINER HOUSING FOOD ARTICLES | D678,761 |
| FOOD CONTAINER HOUSING FOOD ARTICLES | D678,762 |

28. The TLLC Patents claim novel improvements in the ornamental design for food containers housing food articles. Copies of TLLC's Letters of Patents are annexed hereto as **Exhibit H**.

29. TLLC has also used, among others, the tradename "SMORSTIX" since at least 1999 (the "TLLC Tradename", and collectively with the TLLC Marks, Trade Dress, Copyrights and Patents as the "TLLCIP").

30. For many years and since long prior to the act of Defendant complained of herein, TLLC has and continues to expend substantial efforts, resources and funds to establish and market the TLLCIP, Products and Packaging, the related TLLC goods and services and the abundant associated goodwill, by utilizing targeted trade and promotional literature, direct marketing, word of mouth and the creation and maintenance of the TLLC Web-Site, which includes an online store.

31. TLLC Products have been discussed, broadcast and positively reviewed in various media, including The Food Network and the National Marshmallow Roasters Institute's webpage.

*See* the relevant pages of these websites annexed hereto as **Exhibit I**.

32.     In addition, the development of strong and lasting customer relationships has been a hallmark of TLLC. TLLC has fostered strong and lasting relationships based upon trust and integrity.  As a direct and proximate result of TLLC's efforts to develop and maintain strong and lasting consumer relationships and TLLC's continuous robust promotion of the TLLC Products and Packaging under and in connection with the TLLCIP, TLLC and the TLLCIP have become a safe and reliable source identifiers and acquired substantial good will and an excellent reputation in the industry that rises to the level of being famous.

33.     In its nearly seventeen (17) year history, TLLC has never had a single consumer complaint or any concern or issue raised by a governmental agency regulating consumer safety or otherwise.

34.     As a result of TLLC's efforts and of TLLC's continuous and extensive use of the TLLCIP, the TLLCIP, Products and Packaging have acquired substantial goodwill and value as source identifiers of TLLC and the related goods and services TLLC provides.

35.     The trade and public have come to associate the TLLCIP, Products and Packaging exclusively with TLLC as a result of:

   a. TLLC's extensive advertising and promotion of the TLLC Products;

   b. The strong and long standing client consumer relationships and concomitant word-of mouth publicity engendered by the TLLCIP and the TLLC Products and Packaging;

   c. The care and skill exercised by TLLC in the provision of its goods offered under and in connection with the TLLCIP;

   d. The uniform high quality of the TLLC Products and Packaging provided under and in connection with the TLLCIP; and

e.    The trade and public's acceptance of the TLLCIP and Packaging as symbols of valuable and inestimable goodwill.

36.    TLLC marks each TLLC Product and their associated TLLC Packaging, as well as all relevant marketing materials, in accordance with and subject to the relevant United States Trademark and Copyright Laws and most particularly 15 U.S.C. § 1111 and 17 U.S.C. § 401 respectively, which constitutes actual and constructive notice to Defendant of TLLC's ownership in and to the TLLCIP used on, in or in connection with TLLC's manufacture, distribution, marketing, offering for sale and sale of the TLLC Products.

37.    TLLC has marketed, advertised, displayed, offered for sale and sold the TLLC Products and Packaging, which feature TLLC's inherently distinctive labeling, graphics, sizes, shapes and overall product configurations since 1999 for SMORSTIX® and 2011 for SMORBOX®. Customers, both wholesale and retail alike, have come to recognize and associate the TLLC Packaging, as well as the inherent TLLC Trade Dress exhibited thereby as originating from TLLC, and as a result the TLLC Packaging has acquired substantial goodwill in addition to serving as valuable source identifiers.

## DEFENDANT'S INFRINGING ACTS

38.    Upon information and belief, Defendant is in the business of manufacturing, distributing, marketing, advertising, offering for sale and selling, among other things, novelty items such as wooden cooking skewers and boxed kits containing food products for making snacks.

39.    Long after TLLC's creation, selection, adoption, use and marketing of the TLLCIP, Products and Packaging, Defendant without authorization or license from TLLC, has and continues to knowingly and willfully manufacture, distribute, market, offer for sale and sell counterfeit and infringing packaged wooden skewers and packaged kits:

a.   Having identical dimensions and product configuration, as well as relying upon unauthorized copies of the unique, original and ornamental designs, layouts and shapes of the TLLC Products (the "Infringing Products") **Exhibit J**;

b.   Under and in connection with the confusingly similar slogan, "THE IDEAL MARSHMALLOW ROASTING STICK" (the "Infringing Slogan"), and in connection with colorable imitations and confusingly similar copies of TLLC's original, unique, ornamental and highly recognizable artwork, graphics and product packaging configurations-- all of which are the subject of the TLLC Trade Dress, Copyrights and Patents (the "Infringing Designs") **Exhibit J**;

c.   Replying upon the ornamental designs for packaging food articles virtually identical to the TLLC Patents (the "Infringing Patents) **Exhibit J**; and

d.   Relying upon product labels and packaging virtually identical to the TLLC Packaging (the "Infringing Packaging" and collectively with the Infringing Products, Slogan, and Designs as, the "Infringing Products"), nationally, internationally, and in interstate and intrastate commerce, including commerce in the State of Connecticut and this Judicial District. **Exhibit J**.

40.   Defendant, without authorization or license from TLLC, has knowingly and willfully used and continues to use the TLLCIP on, in and in connection with Defendant's advertisement, offer for sale and sale of the Infringing Products, through traditional brick and mortar channels of trade and their operation and maintenance of the Defendant's Website. **Exhibits K**.

41.     Defendant's Infringing Designs use confusingly similar, suggestive and colorable imitations of the works that are the subject of the TLLCIP. Specifically, Defendant relies upon the integration of a confusingly similar slogan, and copies TLLC's copyrighted work, which includes a toasting marshmallow on a stick running parallel with the Infringing Slogan on the Infringing Products' labels and fanciful images of toasting marshmallows both on and off sticks drawing attention to the Infringing Slogan on the Infringing Packaging. *Compare* **Exhibits A**, **B** and **J**.

42.     Also highlighted by a comparison of **Exhibits E** and **J**, is the fact that Defendant's Infringing Products and Packaging are of the same shape, size and overall configuration to that of the genuine TLLC Products and Packaging.

43.     Like the packaging used for the genuine TLLC SMORSTIX®, the Defendant's Infringing Packaging consists of a clear plastic elongated bag containing four (4) wooden skewers with a heavy stock paper fold over label deliberately and prominently displaying counterfeit copies of the TLLCIP attached at the top of the bag and securing four (4) skewers within.

44.     In addition, Defendant's Smores Kit product is constructed with the same shape, style and overall appearance of the genuine TLLC SMORBOX®.

45.     TLLC first learned on or about February 16, 2016 of Defendant offering for sale and sale of the Infringing Products when a TLLC sales representative discovered them in the coffee shop at the Embassy Suites Hotel in Lake Buena Vista, Florida. **Exhibit L**.

46.     Subsequent to first learning about Defendant's infringing acts, TLLC conducted an investigation and located Defendant's Infringing Products on the Internet, specifically on Defendant's Website and other social media platforms, such as Facebook.

47.     As such, TLLC filed this Complaint on February 25, 2016. TLLC sent a courtesy copy of this Complaint to Defendant along with a cease and desist letter (the "C&D Letter") later

that same day. **Exhibit M**.

**COUNT ONE**
**FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT**
**(15 U.S.C. § 1114)**

48.     TLLC repeats and realleges each and every allegations of contained in 1 through 47 of this Complaint as if fully set forth herein.

49.     The TLLCIP and the goodwill of the businesses associated with it in the United States and throughout the World are of great and incalculable value, are highly distinctive and arbitrary, and have become universally associated in the public's mind with products and goods of the very highest quality and reputation finding their source in TLLC.

50.     Upon information and belief, without TLLC's authorization or consent, and having knowledge of TLLC's well-known and prior rights in and to the TLLCIP, and the fact that Defendant's Infringing Products bear a confusingly similar slogan to TLLC's trademark Registration No. 4,032,274 for the THE PERFECT MARSHMALLOW STIX® (the "TLLC Slogan"), Defendant has promoted, distributed, offered for sale and/or sold the Infringing Products under and in connection with the Infringing Slogan to the consuming public in direct competition with TLLC's sale of genuine TLLC Products, in or affecting interstate commerce.

51.     Defendant's use of copies or simulations of the TLLCIP is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant originate from, are associated with, or are otherwise authorized by TLLC all to the damage and detriment of TLLC's reputation, goodwill and sales.

52.     TLLC has been and continues to be, damaged by Defendant's manufacture, distribution, marketing, and offering for sale and/or sale of the Infringing Products.

14

53.     TLLC has no adequate remedy at law and, if Defendant's activities are not immediately enjoined, TLLC will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO
## TRADE DRESS INFRINGEMENT
## (15 U.S.C. § 1114)

54.     TLLC repeats and realleges paragraphs 1 through 53 of this Complaint as it fully set forth herein.

55.     The TLLC Trade Dress is highly distinctive and arbitrary, and has become universally associated in the public mind with the products and services of the very highest quality and reputation finding its source in TLLC.

56.     The TLLC Trade Dress in the TLLC Products and Packaging is inherently distinctive.

57.     The TLLC Trade Dress has acquired secondary meaning in the marketplace in that consumers associate the TLLC Trade Dress with a single source of origin, and they are likely to make the same association when the same TLLC Trade Dress is used on another manufacturer's product.

58.     The TLLC Trade Dress is non-functional.

59.     The TLLC Trade Dress and the goodwill of the business associated with it in the United States and throughout the world are of great incalculable value.

60.     Defendant intentionally copied the TLLC Trade Dress of the TLLC Products and Packaging.

61.     Defendant's manufacturing, advertising, distribution, offering for sale and selling the Infringing Products that rely upon and use confusingly similar product packaging to the TLLC

Trade Dress are likely to cause confusion on the part of consumers and potential consumers, in violation of the Lanham Act §32(a)(1)(A), 15 U.S.C. §1125(a)(1)(A).

62.     Defendant's manufacturing, advertising, distribution, marketing, offering for sale and sale of the Infringing Products has and continues to result in irreparable harm and injury to TLLC. Among other harms, these acts deprive TLLC of their absolute right to determine the manner in which their image is presented to the general public through merchandising; deceive the public as to the origin and sponsorship of the Infringing Products; wrongfully trade upon TLLC's reputation and exclusive rights to the TLLC Trade Dress; and, to the extent that the Infringing Products are of inferior quality, lessen consumers' perception of the quality of all genuine TLLC Products.

63.     TLLC lacks an adequate remedy at law, since injury to TLLC's goodwill and reputation will continue unless Defendant's infringement is enjoined by this Court.

### COUNT FOUR
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

64.     TLLC repeats and realleges the allegations of paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65.     The Infringing Products sold and offered for sale by Defendant are of the same general nature and type as the genuine TLLC Products sold and offered for sale by TLLC and, as such, Defendant's use of the TLLCIP is likely to cause confusion to the general purchasing public.

66.     By misappropriating and using the TLLCIP, Defendant misrepresents and falsely describes to the general pubic the origin and source of the Infringing Products and creates a likelihood of confusion to ultimate purchasers as to both the source and sponsorship of such goods.

67.     Defendant's unlawful, unauthorized and unlicensed promotion, distribution, offer

for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by TLLC, all to Defendant's profit and TLLC's great damage and injury.

68.     Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the TLLCIP, on and in connection with their Infringing Products, in interstate, intrastate and international commerce constitutes a false designation of origin and unfair competition throughout the United States, in the State of Connecticut and in this Judicial District.

69.     TLLC has no adequate remedy at law and, if the Defendant's activities are not enjoined immediately, TLLC will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

**COUNT FIVE**
**FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. § 1125 (C))**

70.     TLLC repeats and realleges the allegations of paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71.     The TLLC Marks are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and have been famous marks prior to Defendant's conduct as alleged herein.

72.     Defendant's promotion, distribution, sale and/or offer for sale in commerce of the Infringing Products dilute the distinctive quality of the TLLC Marks, and was done with the willful intent to trade on TLLC's reputation and/or to cause dilution of the TLLC Marks.

73.     Defendant's unauthorized use of the TLLC Marks on or in connection with the Infringing Products was done with notice and full knowledge that such promotion, distribution,

sale and/or offer for sale was not authorized or licensed by TLLC.

74.     Defendant's aforesaid acts are in knowing and willful violation of TLLC's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75.     TLLC has no adequate remedy at law and will continue to suffer irreparable harm and injury to TLLC's goodwill and reputation if Defendant's activities are not enjoined.

76.     As a result of Defendant's activities, TLLC has been damaged in an amount to be ascertained, but no less than $500,000.00.

## COUNT SIX
## FEDERAL PATENT INFRINGEMENT

77.     TLLC repeats and realleges the allegations of paragraphs 1 through 76 as if fully set forth herein.

78.     Defendant's manufacture, use, offer to sell and/or sale of the TLLC Packaging in this Judicial District and elsewhere in the United States infringes and induces infringement of one or more of the claims of the TLLC Patents within the meaning of 35 U.S.C. §§ 271 *et seq*.

79.     Defendant's infringement of the TLLC Patents has and will continue to irreparably damage TLLC and deprive TLLC of sales, profits and royalties that TLLC would have made or would enjoy in the future, and has in other respects injured TLLC and will cause TLLC further added and irreparable injuries and damages unless Defendant is preliminarily and permanently enjoined from infringing the TLLC Patents.

80.     Defendant's infringement of the TLLC Patents has been and continues to be willful, and will continue unless enjoined by this Court.

## COUNT SEVEN
## FEDERAL COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501 *et seq.*)

81.     TLLC repeats and realleges the allegations of paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82.     Without TLLC's authorization or consent and despite having knowledge of TLLC's well-known and prior rights in and to the TLLC Copyrights, Defendant has infringed TLLC's federal and common law copyrights in and to the TLLC Copyrights through their manufacture, distribution, marketing, offering for sale and/or sale of the Infringing Products.

83.     Defendant's infringement of TLLC Copyrights has deprived TLLC of the opportunity to recognize compensation for its efforts in creating and commercializing the TLLC Copyrights for the full and unfettered enjoyment of the goodwill that continues to grow as a result of TLLC's tremendous commitment of time and resources to the development, maintenance and regulation of the valuable TLLC Copyrights.

84.     TLLC has no adequate remedy at law and TLLC will continue to suffer irreparable harm and injury to its goodwill and reputation, and to sustain lost profits if Defendant's infringing activities are not enjoined.

## COUNT EIGHT
## COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT

85.     TLLC repeats and realleges the allegations of paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.     TLLC has built up valuable goodwill in the TLLC Marks and Tradename.

87.     With full knowledge of the fame of the TLLC Marks and Tradename, Defendant trade on the goodwill associated with the TLLC Marks and Tradename, and mislead the public into assuming a connection between the Infringing Products and TLLC.

19

88.     Defendant's unauthorized use of the TLLC Marks and Tradename on and in connection with their manufacture, distribution, marketing, offering for sale and sale of the Infringing Products is likely to and does permit Defendant to pass off the Infringing Products to the general public as those of TLLC, all to the detriment of TLLC and the unjust enrichment of Defendant.

89.     Defendant's acts of trademark and trade name infringement have caused and continue to cause confusion and to mislead and deceive the public as to the source of Defendant's Infringing Products, permit Defendant to pass off the Infringing Products as the TLLC Products, and falsely suggests a connection between Defendant and TLLC and will continue to do so, in violation of the common law of the State of Connecticut.

90.     Defendant's acts of trademark and/or trade name infringement have caused and will continue to cause TLLC irreparable harm unless restrained and enjoined by this Court. TLLC has no adequate remedy at law.

## COUNT NINE
## UNFAIR TRADE PRACTICES AND UNLAWFUL DECEPTIVE ACTS AND PRACTICES
## (C.G.S.A. § 42-110 b (a))

91.     TLLC repeats and realleges paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92.     Defendant, without TLLC's authorization or consent, and having knowledge of TLLC's well-known and prior rights in the TLLCIP and the fact that Defendant's Infringing Products are confusingly similar to and rely upon unauthorized copies of the TLLCIP, have marketed, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with TLLC's sale of the genuine TLLC Products.

93.     The aforesaid acts of Defendant constitute unfair methods of competition and unfair

practices in the conduct of commerce and are likely to cause injury to TLLC's intellectual property, business reputation, the TLLC Marks and other valuable goodwill associated with the TLLCIP at no cost to Defendant, and in violation of Connecticut's Unfair Trade Practices Act, Connecticut General Statute § 42-110b(a).

94.     The conduct of Defendant has injured TLLC and TLLC has suffered damages in an amount that cannot yet be readily ascertained.

**COUNT TEN**
**COMMON LAW UNFAIR COMPETITION UNDER**
**THE LAWS OF THE STATE OF CONNECTICUT**

95.     TLLC repeats and realleges the allegations of paragraphs 1 through 94 of this Complaint as if fully set forth herein.

96.     TLLC has built up valuable goodwill in the TLLCIP and the distinctive genuine TLLC Products and Packaging.

97.     The aforesaid acts of Defendant constitute misappropriation of labor, intellectual property, business reputation, the TLLCIP and other valuable goodwill associated therewith, at no cost to Defendant, and result in Defendant unfairly benefiting from the same all in violation of the common law of the State of Connecticut.

98.     Defendant's unauthorized use of the TLLCIP has caused and is likely to continue to cause TLLC damage by tarnishing the valuable reputation and image associated with TLLC and the genuine TLLC Products. Defendant has further palmed off the Infringing Products as genuine TLLC Products by Defendant's false labeling and misrepresentations to the consuming public, members of whom are likely to and do believe the Infringing Products emanate from, are endorsed by, or are associated with TLLC.

99.     The act of Defendant permits and accomplishes confusion, misleads, dupes and

deceives the public as to the source of the Infringing Products, permits and accomplishes palming off of the Infringing Products as those of TLLC's and falsely suggests a connection with TLLC. These acts constitute unfair competition with TLLC in violation of the laws of the State of Connecticut.

100.    Defendant's acts have caused and will continue to cause TLLC irreparable harm to its business, the TLLCIP, reputation, intellectual property and the goodwill associated therewith unless enjoined by this Court.

101.    TLLC has no adequate remedy at law.

**COUNT ELEVEN**
**COMMON LAW UNJUST ENRICHMENT UNDER**
**THE LAWS OF THE STATE OF CONNECTICUT**

102.    TLLC repeats and realleges paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103.    TLLC has built up valuable goodwill in and to the TLLC Marks and the distinctive appearance of the TLLC Products and Packaging. Defendant's use of the TLLCIP and Packaging are likely to and does permit Defendant to palm off the Infringing Products as those of TLLC, all to the detriment of TLLC and the unjust enrichment of Defendant.

104.    The aforesaid acts of Defendant constitutes misappropriation of labor, intellectual property, business reputation, the TLLCIP and other valuable goodwill associated therewith, at no cost to Defendant, and result in Defendant unfairly benefiting from the same all in violation of the common law of the State of Connecticut.

105.    Defendant's unauthorized use of the TLLCIP has caused and is likely to continue to cause TLLC damage by tarnishing the valuable reputation and image associated with TLLC and the genuine TLLC Products.  Defendant has further palmed off the Infringing Products as genuine

TLLC Products by Defendant's false labeling and misrepresentations to the consuming public, members of whom are likely to and do believe the Infringing Products emanate from, are endorsed by, or are associated with TLLC.

106.    The aforesaid acts of Defendant are unjustly enriching Defendant. Additionally, the acts of Defendant permit and accomplish confusion, mislead, dupe and deceive the public as to the source of the Infringing Products, permit and accomplish palming off of the Infringing Products as those of TLLC's and falsely suggest a connection with TLLC. These acts constitute unfair competition with TLLC in violation of the laws of the State of Connecticut.

107.    The conduct of Defendant has caused and continues to cause irreparable injury to TLLC.

108.    TLLC has been damaged and continues to be damaged as a result of the foregoing actions of Defendant in an amount that cannot yet be determined.

**COUNT TWELVE**
**CONVERSION**

109.    TLLC repeats and realleges paragraphs 1 through 108 of this Complaint as if fully set forth herein.

110.    Defendant has used, and continues to use, the TLLCIP on and in connection with the manufacture, marketing, distribution, offer for sale, and sale of the Infringing Products and have pirated the TLLCIP and the valuable goodwill associated therewith and thereby converted the TLLCIP and associated goodwill to their use.

111.    The conduct of Defendant has irreparably injured TLLC. TLLC has been damaged, and continues to be damaged, as a result of the foregoing actions of Defendant in an amount that cannot yet be readily ascertained.

## COUNT THIRTEEN
## CANCELLATION OF THE INFRINGING SLOGAN

112.     TLLC repeats and realleges paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113.     Since at least 1999, TLLC has been using the well-known TLLC Slogan in the United States in intrastate, interstate and international commerce on and in connection with the manufacturing, marketing, advertising, distribution, offering for sale and sale of high-quality wooden cooking skewers and packaged kits.

114.     The TLLC Slogan, as set forth in **Exhibit F**, is valid, subsisting, unrevoked and uncancelled.

115.     The Infringing Products are of the same general nature and type as TLLC's Products, carry or rely upon packaging that bears the same look, design, configuration and overall appearance of the TLLC Packaging, and as such Defendant's use is likely to cause confusion to the general purchasing public.

116.     The Infringing Products and TLLC's genuine products bearing the TLLC Slogan are inexpensive and share the same channels of trade. There are no known instances where these goods are sold side-by-side. Moreover, the sale of the Infringing Products and genuine products bearing the TLLC Slogan are typically made on impulse, diminishing the purchasers' level of sophistication.

117.     Defendant's use of the Infringing Slogan is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products sold by Defendant originate from, are associated with, or are otherwise authorized by TLLC, all to the damage and detriment of TLLC's reputation, goodwill and sales.

118.    Defendant's use of the Infringing Slogan misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by the ultimate purchasers as to the source of such merchandise.

119.    Moreover, Defendant manufactures, markets, advertises, distributes, imports, exports, offers for sale, and/or sells of the Infringing Products unlawfully and without TLLC's authorization, license or approval all to Defendant's profit and TLLC's great detriment, damage and injury.

120.    Defendant's aforesaid acts are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1052(d), in that Defendant's use of the Infringing Slogan in connection with its goods and services are likely to cause and are causing confusion, mistake, and deception among the general purchasing public as to the origin of the Infringing Products, and are likely to deceive the public into believing the Infringing Products sold by Defendant originate from, are associated with, or are otherwise authorized or endorsed by TLLC.

121.    If the cancellation of the Infringing Slogan is not granted, TLLC will continue to suffer irreparable harm and injury to its goodwill, reputation and sales, and without cancellation, pursuant 15 U.S.C. § 1064, of the Infringing Slogan, will have no adequate remedy at law.

**WHEREFORE**, TLLC prays that this Court enters an Order and Judgment directing and ordering that:

1.    Defendant's Infringing Products infringe the TLLCIP.

2.    Defendant's said infringement is willful.

3.    That Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently enjoined from directly or

indirectly:

(a)     using the novel and unique inventions and ornamental designs, or any equivalents thereof, claimed by and through the TLLC Patents;

(b)     using in any manner the TLLCIP, alone or in combination with any word or words or designs that so resemble any or all of the TLLCIP as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product or service not TLLC's, or not authorized by TLLC to be sold in connection with any or all of the TLLCIP;

(c)     passing off, inducing, or enabling others to sell or pass off any product or service as and for products or services produced by TLLC, not TLLC's, or not produced or rendered under the control and supervision of TLLC and approved by TLLC for sale under or in connection with the TLLCIP;

(d)     committing any acts calculated to cause purchasers to believe that Defendant's products or services are those sold under the control and supervision of TLLC, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of TLLC;

(e)     further diluting and infringing any and all of TLLCIP and damaging TLLC's associated goodwill;

(f)     from otherwise competing unfairly with TLLC in any manner; and

(g)     from delivering, distributing, returning or otherwise disposing of, in any manner, products or services not approved by or for TLLC, nor authorized by TLLC to be sold or offered for sale, and which bear or otherwise incorporate or rely upon any or all of the TLLCIP.

4.     That Defendant be required upon service of this Complaint to immediately deliver up to TLLC any copies, or originals for copy, of any and all Infringing Products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendant or under their control bearing any of the TLLCIP, or each of them, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products or services not TLLC's, or not made under the authorization and control of TLLC.

5.     That Defendant be required upon service of this Complaint to immediately supply

TLLC with a complete list of entities from whom they purchased and to whom they distributed, sold, and/or attempted in any way to distribute or sell products or services falsely bearing the TLLC Marks or products not authorized by TLLC to be sold in connection with each of said IP.

6.      That Defendant be required upon service of this Complaint to immediately deliver up for destruction their entire inventory of the Infringing Products.

7.      That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon TLLC a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs 3 to 6 hereof.

8.      That Defendant account for and pay over to TLLC profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of the TLLC registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law, or in the alternative, TLLC be awarded statutory damages in the amount of $1,000,000.00 for Defendant's willful counterfeiting of the TLLC Marks .

9.      That TLLC be awarded actual damages of $ 500,000.00 and punitive damages in the amount of $1,000,000.00, as well as treble damages for Defendant's willful infringing conduct.

10.     TLLC be awarded damages adequate to compensate TLLC for Defendant's infringement of the TLLC Patents together with pre-judgment and post-judgment interest, and that such damages to be trebled pursuant to 35 U.S.C. § 284.

11.     That TLLC be awarded reasonable attorney's fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or 35 U.S.C. § 285 of the Patent Law and/or 42-110(a) *et seq.*, 42-110(b) *et seq.*

12.     That TLLC be awarded damages and profits adequate to compensate TLLC for Defendant's infringement of TLLC Copyright, together with prejudgment and post-judgment interest, pursuant to 17 U.S.C. §504 (b); or in the alternative statutory damages pursuant to 17 U.S.C. §504 (c) in the amount of $750,000.00 for Defendant's willful counterfeiting of the TLLC Copyrights; and full costs and reasonable attorney's fees pursuant to 17 U.S.C. §505.

13.     That Defendant pay exemplary or punitive damages to TLLC due to Defendant's willful and intentional acts in violation of TLLC's rights and Defendant's false representations to and deception of the public to foster the belief that the Infringing Products are those of TLLC.

14.     Such other and further relief as the Court deems to be reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), TLLC hereby demands a jury trial on all issues so triable that are raised by this Complaint.


Dated:  February 25, 2016               Respectfully submitted,
                                        GILBRIDE, TUSA, LAST & SPELLANE LLC

                                        By:_____
                                        Todd S. Sharinn, Esq.
                                        Gilbride, Tusa, Last & Spellane LLC
                                        31 Brookside Drive
                                        Greenwich, CT 06830
                                        (203) 542-8418

                                        *Attorneys for Plaintiff*
                                        This, LLC